**UNITIED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| AMAZON.COM, INC. | : | |
| *Plaintiff,* | : | |
| v. | : | |
| CITI SERVICES, INC. (1), | : C.A. No. 99-543-GMS | |
| CITI SERVICES LIMITED [*SIC*] (2), | : | |
| AIKATERINI THEOHARI (3), and | : | |
| GREG LLOYD SMITH (4) | : | |
| *Defendant(s)* | : | |



FILED
MAY 1 4 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## MOTION TO SET ASIDE DEFAULT ORDER AND JUDGEMENT

Comes now the third and fourth Defendant(s), AIKATERINI THEOHARI (hereinafter referred to as Defendant 3) and GREG LLOYD SMITH (hereinafter referred to as Defendant 4) and hereby moves the Court to set aside its ORDER AND JUDGMENT dated April 11, 2001:

1. Defendant(s) say that they did not respond to Plaintiff's Complaint because they believed the court lacked jurisdiction over them and that they had not been properly served. For these reasons, Defendant(s) submit that they can establish excusable neglect under Rule 60(b)(1); and

2. Defendant(s) say that Plaintiff misrepresented material facts in order to falsely establish jurisdiction; Defendant(s) submit that they can establish fraud under Rule 60(b)(3); and

3. Defendant(s) submit that the judgment is void under Rule 60(b)(4) because the court lacks personal jurisdiction over them;

INTRODUCTION

On May 7, 2008, Defendant(s) 3 and 4 learned of the court's ORDER AND JUDGMENT dated April 11, 2001 after writing to Plaintiff by email to ask why Plaintiff would not allow Mayside, Inc. (Associate's Account Reference theorigofbook-20) (Mayside, Inc. is a company, trading as The Origin of Books, for which Defendant 4 is an unpaid officer) to update its bank account details in Plaintiff's database. Previous to an email dated May 6, 2008 written by David A. Zapolsky (VP & Associate General Counsel, Amazon.com, Inc.) [Exhibit A], allegedly "reminding" Defendant 2 of the purported debt, Defendant(s) 3 and 4 were not aware of this court's Order and Judgment.

Oddly, while Plaintiff believed it was entitled to deny commission owed to an unrelated third party, pursuant its claim under the court's Order and Judgment, Plaintiff did not find it necessary or even prudent to contact Defendant(s) in any manner, requesting settlement of the purported debt previous to May 6, 2008; more than 7 years after the date of the court's Order and Judgment. For Plaintiff to now

suggest they had not "connected the dots" as they must surely assert in their defense of this Motion, would not be credible given the act of associating Mayside's account and Defendant 2. In other words, both Defendant(s) 3 and 4 are publicly known individuals who may be contacted through any number of methods by anyone with the desire to do so.

BACKGROUND

At some point in 1999, Defendant(s) learned from a journalist that Plaintiff had filed a lawsuit in Delaware. Defendant(s) initial reaction was one of surprise because Plaintiff had already pursued a civil matter against CITI Services EPE (hereinafter referred to as Defendant 2) Defendant(s), 3 and 4 in the regional court located in Syros, Cyclades Greece and Plaintiff was unsuccessful in convincing the court there of the merits of its case. <u>The Syros court denied Plaintiff's application for an injunction (of any kind) against any of the Defendant(s)</u>.

Defendant(s) maintain that the U.S. District Court for the District of Delaware was not and is not the correct venue for the matters raised by Plaintiff. Defendant(s) maintain that the court did not have jurisdiction over Defendant(s) or the matters pertaining to the Plaintiff's claim as follows:

1. CITI Services, Inc., (hereinafter referred to as Defendant 1), purported by the Plaintiff to be a Delaware corporation associated to or with the other three named Defendant(s) is not and never was incorporated in Delaware or any other U.S. State, by any of the Defendant(s), but was in fact pure fabrication by Plaintiff in its fraudulent attempt at establishing Delaware jurisdiction; (Rule 60(b)(3)) and

2. CITI Services Limited, (Defendant(s) presume that Plaintiff means "CITI Services EPE" because the only other CITI Services Limited in the world is/was a company incorporated in the United Kingdom on or about **January 31, 2005**, now dissolved, N.B. Therefore (hereinafter referred to as Defendant 2; now a dissolved Greek corporation) was at all material times a Greek corporation based in Syros Cyclades Greece with no business activities or assets, of any kind, in Delaware or elsewhere within the United States of America; Plaintiff falsely claimed that Defendant 2 had transacted business in the United States of America; (Rule 60(b)(3)) and

3. After learning of Plaintiff's lawsuit through the media, Defendant 2 retained the services of a Delaware based lawyer and instructed its legal representative to challenge the Complaint of the basis of jurisdiction and to notify the court that Plaintiff had already pursued its claim in the Greek court, without success; and

4. Defendant 3 and Defendant 4 in their capacity as director(s)/officer(s) of Defendant 2 instructed Defendant 2's legal representative to challenge jurisdiction on behalf of Defendant(s) 2, 3 and 4 and further instructed Defendant 2's legal representative to challenge Service (i.e. none of the named Defendants were ever served a copy of the original Complaint); Rule 60(b)(1) and

5. A disagreement as to strategy and method occurred between Defendant 2 and its legal representative and as a result, his services were terminated. After receiving a retainer on behalf of Defendant 2 in the amount of US$20,000, sometime in or before March 2000, this lawyer misrepresented the facts of his retainer and falsely informed the court regarding his termination; (Rule 60(b)(3)) and

6. Within a previously unknown Order dated March 27, 2000, Defendant(s) 3 and 4 <u>now learn today</u> that the court made its Order regarding representation, which until May 7, 2008, Defendant(s) 3 and 4 were not aware of simply because Defendant 2's legal representative failed to notify any of the Defendant(s) of the aforementioned Order; and

7. Defendant(s) 3 and 4 are residents of Mykonos Cyclades Greece and have lived at their current address for more than 34 years and 23 years respectively; Rule 60(b)(4) and

8. Defendant(s) 1 and 2 do not exist.

Defendant(s) submit that Plaintiff and its representatives intentionally failed to make contact with Defendant(s) in any manner until sufficient time had elapsed in order that a Motion to Set Aside an Order and Judgment might fail pursuant Rule 60(c)(1).

CONCLUSION

Defendant(s) therefore move the court to exercise its power pursuant Rule 60(d)(2) and Rule 60(d)(3) in setting aside this Order and Judgment and to do so without an oral Hearing or if the court finds that such a Hearing is required, then, in the absence of the Defendant(s).

DEFENDANT(S)

..................................
GREG LLOYD SMITH

..................................
AIKATERINI THEOHARI

May 7, 2008
Mykonos Greece

Greg L. Smith
Kestrel House, Ornos
846 00 Mykonos
Greece
Tel: +011 30 693 406 8559
Fax: +011 30 211 268 6990

## UNITIED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

AMAZON.COM, INC.                    :
                                    :
    *Plaintiff,*                :
                                    :
v.                                  :
                                    :
CITI SERVICES, INC. (1),            :   C.A. No. 99-543-GMS
CITI SERVICES LIMITED [*SIC*] (2),  :
AIKATERINI THEOHARI (3), and        :
GREG LLOYD SMITH (4)                :
                                    :
    *Defendant(s)*              :

### EXHIBIT "A"
### DESCRIPTION OF MATTERS ON
### WHICH EXAMINATION IS REQUESTED

In support of their Motion, Defendant(s) 3 and 4 attach an email, marked Exhibit "A"; the first notice they have had in relation to an Order and Judgment made on April 11, 2001 against them.

..................................................
DEFENDANT(S)

..................................................
GREG LLOYD SMITH

..................................................
AIKATERINI THEOHARI

May 7, 2008
Mykonos Greece

Greg L. Smith
Kestrel House, Ornos
846 00 Mykonos
Greece
Tel: +011 30 693 406 8559
Fax: +011 30 211 268 6990

**Subject:** Complaint Regarding "theorigofbook-20"
**From:** "Zapolsky, David" <davidz@amazon.com>
**Date:** Tue, 6 May 2008 20:52:59 -0700
**To:** "admin@originofbooks.com" <admin@originofbooks.com>
**CC:** "Garver, Adrian" <agarver@amazon.com>, "Zapolsky, David" <davidz@amazon.com>

```
Dear Mr. Smith:

I am Vice President and Associate General Counsel for Amazon.com.  I am writing in
response to your query to our customer service department about why Amazon is not
remitting payments to your account.

Thank you for contacting us.  I take this opportunity to remind you of the judgment
that Amazon.com obtained against you on April 11, 2001 in the amount of
$201,865.09, plus post-judgment interest since the day of the judgment.

Demand is made upon you to pay this amount to Amazon.com in full.  If you do not
pay this amount by May 23, 2008, Amazon.com will be forced to avail itself of other
legal avenues to collect on the judgment.

I am attaching a copy of the judgment.  Please contact me at your earliest
convenience to arrange payment of this outstanding debt.

Very truly yours,


David A. Zapolsky
VP & Associate General Counsel
Litigation & Regulatory

P:  206-266-1323
F:  206-266-7010
E:  davidz@amazon.com

Amazon.com, Inc.
P.O. Box 81226
Seattle, WA 98108-1226

Street Address:
1200 12th Avenue South
Suite 1200
Seattle, WA 98144


  >To: "associates@amazon.com" <associates@amazon.com>
  >From: Greg Smith <admin@originofbooks.com>
  >Date: Sun, 4 May 2008 03:44:11 -0700 (PDT)
  >Topic:
  >  Payment
  >
  >Name:
  >  Greg Smith
  >
  >Email Address:
  >  admin@originofbooks.com
  >
  >Associate ID:
  >  theorigofbook-20
  >
  >Website URL:
  >  http://www.crookedknight.com
  >
  >Payee Name:
  >  Greg Smith
  >
  >Comments:
  >  Can you tell me why my account is marked not to be paid?  Thank you,
  >
```

| | | |
|---|---|---|
| | **Content-Description:** | A8_Document.pdf |
| **A8_Document.pdf** | **Content-Type:** | application/pdf |
| | **Content-Encoding:** | base64 |

UNITIED STATES DISTRICT COURT
DISTRICT OF DELAWARE

AMAZON.COM, INC.                          :
                                          :
    *Plaintiff,*                         :
                                          :
v.                                        :
                                          :
CITI SERVICES, INC. (1),                  :   C.A. No. 99-543-GMS
CITI SERVICES LIMITED [*SIC*] (2),        :
AIKATERINI THEOHARI (3), and              :
GREG LLOYD SMITH (4)                      :
                                          :
    *Defendant(s)*                      :

## CERTIFICATE OF SERVICE

In support of a MOTION TO SET ASIDE ORDER AND JUDGMENT dated April 11, 2001, Defendant(s) 3 and 4 HEREBY CERTIFY that a copy of the attached Motion and Exhibit have been sent via first class mail on May 7, 2008 to:

David A. Zapolsky
Amazon.com, Inc.
1200 12th Avenue South
Suite 1200
Seattle, WA 98144

DEFENDANT(S)

..................................................
GREG LLOYD SMITH

..................................................
AIKATERINI THEOHARI

NOTARY

Βεβαιού....
Ἐν Μυκόνῳ          ....υπογραφ..
                   07 - 05 - 2008

Συμβολαιογράφος Μυκόνου

May 7, 2008
Mykonos Greece

Greg L. Smith
Kestrel House, Ornos
846 00 Mykonos
Greece
Tel: +011 30 693 406 8559
Fax: +011 30 211 268 6990



Clerk, US District Court
Lockbox 18
844 N. King Street
Wilmington, DE 19801
USA