IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMAZON.COM, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITI SERVICES, INC., CITI SERVICES )<br>LIMITED, AIKATERINI THEOCHARI and )<br>GREG LLOYD SMITH, )<br>)<br>Defendants. ) | C.A. No. 99-543-GMS |

**AMAZON.COM'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANTS'
<u>MOTION TO SET ASIDE DEFAULT ORDER AND JUDGMENT</u>**

|   |   |
|---|---|
|   | John A. Parkins, Jr. (#859)<br>Steven J. Fineman (#4025)<br>Jennifer J. Veet (#4929)<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE 19899-0551<br>302-651-7700<br>Fineman@rlf.com |
| Dated: May 27, 2008 | Veet@rlf.com<br>Attorneys for Plaintiff Amazon.com |

RLF1-3285946-1

**TABLE OF CONTENTS**

|                                                                                                                                   | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| NATURE AND STAGE OF THE PROCEEDING | 1 |
| SUMMARY OF THE ARGUMENT | 1 |
| STATEMENT OF FACTS | 3 |
|     A. The Complaint. | 3 |
|     B. All Defendants Make An Appearance. | 3 |
|     C. Defendants Move To Dismiss The Complaint And Amazon.com Serves Jurisdictional Discovery. | 4 |
|     D. Defendants Refuse To Respond To Jurisdictional Discovery. | 4 |
|     E. Defendants' Counsel Seeks To Withdraw. | 4 |
|     F. Defendants Fail To Comply With The Court's Orders. | 8 |
|     G. Defendants Smith And Theochari Seek To Set Aside The Judgment Seven Years Later. | 10 |
| ARGUMENT | 10 |
| I. DEFENDANTS HAVE NOT, AND CANNOT, SATISFY THE EXACTING BURDEN REQUIRED TO SET ASIDE A JUDGMENT UNDER RULE 60. | 10 |
|     A. Defendants Cannot Seet Relief Under Fed. R. Civ. P. 60(d)(2). | 11 |
|     B. Defendants Have Wholly Failed To Properly Allege, Let Alone Demonstrate, That A Fraud Was Committed On The Court. | 11 |
|     C. Defendants' Remaining Arguments Under Rules 60(b)(1) And 60(b)(4) Are Time Barred And/Or Baseless. | 13 |
|     D. Amazon.com Would Be Unduly Prejudiced If The Judgment Is Set Aside. | 14 |
| CONCLUSION | 15 |

# TABLE OF AUTHORITIES

Page

## CASES

*Buckaloo v. Pressley*,
889 F.2d 1086 (6th Cir. 1989) ..................................................................................................15

*Herring v. U.S.*,
424 F.3d 384 (3d. Cir. 2005)......................................................................................................11

*In re Advanta Corp. Sec. Litig.*,
180 F.3d 525, 534 (3d. Cir. 1999)..............................................................................................13

*TA Instruments, Inc. v. The Perkin-Elmer Corp.*,
2000 U.S. Dist. LEXIS 1306 (D. Del. Jan. 24, 2000) ................................................................10

## STATUTES

28 U.S.C. § 1655............................................................................................................................11

Fed. R. Civ. P. 60.................................................................................................................... passim

## NATURE AND STAGE OF THE PROCEEDING

In 1999, Plaintiff Amazon.com, Inc. ("Amazon.com") commenced the instant action against Defendants CITI Services, Inc., CITI Services Limited, Aikaterini Theochari and Greg Lloyd Smith (collectively, "Defendants"). Defendants retained both Delaware and New York counsel and moved this Court to dismiss the action for lack of personal jurisdiction (as to CITI Services, Limited, Aikaterini Theochari and Greg Lloyd) and subject matter jurisdiction (as to CITI Services, Inc.). Following disagreement between the parties as to whether jurisdictional discovery was appropriate, the Court ultimately granted Amazon.com permission to take certain jurisdictional discovery. Shortly thereafter, Defendants' counsel moved to withdraw.

On March 27, 2000 and June 13, 2000 Defendants were advised that their failure to respond to the Court could result in the entry of default judgment, and on August 25, 2000 the Court advised Defendants that the failure to attend a September 14, 2000 conference would result in the entry of default judgment. (D.I. 49, 57, 64). Notwithstanding the Court's repeated admonishments, Defendants never made another appearance through counsel or in their individual capacities. On April 11, 2001, the Court entered judgment in favor of Amazon.com and against Defendants.

Now, more than seven years since the Court entered judgment and the case was closed, Defendants Greg Lloyd Smith and Aikaterini Theochari have moved this Court pursuant to Fed. R. Civ. P. 60 to set aside the judgment. This is Plaintiff Amazon.com's Answering Brief In Opposition To Defendants' Motion To Set Aside Default Order And Judgment.

## SUMMARY OF THE ARGUMENT

1. Approximately seven years after the Court entered judgment against Defendants, Mr. Smith and Ms. Theochari seek to set aside a judgment properly entered by this Court. Each of the bases relied upon by Defendants are either groundless, time-barred or both. Indeed, all of

1

Defendants' arguments under Rules 60(b)(1)-(3) are nearly six years too late under Fed. R. Civ. P. 60(c)(1), and Defendants have wholly failed to demonstrate any fraud on the Court to support a finding under Rule 60(d)(3). Finally, the Court appropriately denied Defendants' motion to dismiss for lack of personal jurisdiction years ago when Defendants failed to respond to jurisdictional discovery, comply with the Court's multiple orders and defend the action. As a result, the judgment is not void. Nearly seven years ago, Defendants had an opportunity to defend themselves and raise the issues that purportedly form the basis for the present motion -- they chose not to do so. The Court should not countenance, and Amazon.com should not be prejudiced due to, Defendants' actions.

## STATEMENT OF FACTS

### A. The Complaint.

On August 18, 1999, Plaintiff Amazon.com commenced the present proceedings by filing a Complaint against Defendants CITI Services, Inc., CITI Services Limited, Aikaterini Theochari and Greg Lloyd Smith alleging, *inter alia*, trademark infringement, copyright infringement, unfair competition and dilution based on Defendants' wrongful use of certain domain names and trademarks including "AMAZON.GR" and wrongful copying of Amazon.com's copyrighted works. (*See* D.I. 1, Complaint).[1] Amazon.com sought relief from the Court in the form of, among other things, an injunction prohibiting defendants from using "AMAZON.GR" and other domain names and trademarks containing "amazon" and damages including treble, punitive and statutory damages. *Id.*

### B. All Defendants Make An Appearance.

On September 3, 1999, all Defendants entered their appearance in this action through the filing of a Motion to Extend Time to Respond to Plaintiff's Complaint. At that time, Defendants were represented by the Delaware law firm of Smith, Katzenstein & Furlow LLP ("Smith Katzenstein") and New York counsel Cobrin & Gittes. (*See* D.I. 7, Motion to Extend Time). On September 7, 1999, the parties filed a stipulation and order extending the time for Defendants to respond to the Complaint through and including September 14, 1999, subject to the approval of the Court. (D.I. 8). A similar stipulation and order was filed on September 13, 1999 extending Defendants' response time through and including September 17, 1999. (D.I. 9).

---

[1] On November 24, 1999, Amazon.com filed a First Amended Complaint ("Amended Complaint"). In the Amended Complaint, Amazon.com included additional information linking Defendants to the websites at issue and demonstrating Defendants' contacts with the State of Delaware. The Amended Complaint also added a claim for defamation/libel. (*See* D.I. 38, Amended Complaint).

3

### C.    Defendants Move To Dismiss The Complaint And Amazon.com Serves Jurisdictional Discovery.

On September 17, 1999, all Defendants, through their New York and Delaware counsel, filed a motion to dismiss the complaint. (D.I. 10). In support of the motion, Defendants filed an opening brief and declarations from both Greg Lloyd Smith and Aikaternini Theochari -- the two defendants presently seeking to set aside the judgment. (D.I. 11 (Opening Brief), 12 (Declaration of Aikaternini Theochari) and 14 (Declaration of Greg Lloyd Smith)). Shortly thereafter, Amazon.com served jurisdictional discovery. On September 24, 2008, Amazon.com served Plaintiff's First Request For Production Of Documents. (D.I. 15 (Certificate of Service)). Three days later, Amazon.com noticed a 30(b)(6) deposition for November 8, 1999 and the deposition of Greg Lloyd Smith for November 9, 1999. (D.I. 16, 17).

### D.    Defendants Refuse To Respond To Jurisdictional Discovery.

On September 28, 1999, Defendants' counsel wrote to Amazon.com and explained that Defendants "decline to provide the discovery you seek" and identified the purported bases. In October, the parties submitted competing papers in support of and in opposition to Amazon.com's right to take jurisdictional discovery. (*See* D.I. 18, 20, 21, 22). Ultimately, the Court allowed Amazon.com to take discovery on Defendants' contacts with Delaware and certain other states, including the deposition of Mr. Smith. (D.I. 39, Transcript of November 19, 1999 Teleconference).

### E.    Defendants' Counsel Seeks To Withdraw.

Approximately three weeks after the Court granted Amazon.com permission to take jurisdictional discovery, Defendants' counsel moved to withdraw. On December 8, 1999, Defendants' counsel filed a motion with the Court to withdraw as Defendants' counsel due to their clients' failure to pay their legal bills. (D.I. 40, Motion to Withdraw). Notably, the

4

certificate of service appended to Defendants' counsel's motion identified that copies of the motion to withdraw were served by mail and facsimile on Mr. Smith at three separate addresses and facsimile numbers. Then, on December 14, 1999, Defendants' counsel filed a correction to the certificate of service indicating that repeated attempts to serve the motion to one of the facsimile numbers had been unsuccessful. (D.I. 41). One week later, Defendants' counsel again filed a corrected certificate of service indicating that service was made by mail only, and that Defendants' counsel's repeated efforts to serve Mr. Smith at the second facsimile number had been unsuccessful. (D.I. 43).

On March 16, 2000, the Court held a hearing to address the motion to withdraw. (D.I. 50, Transcript of March 16, 2000 Teleconference). During that teleconference, the Court specifically inquired as to whether Defendants had been afforded notice of their counsel's motion to withdraw. The following colloquy is demonstrative:

> THE COURT: Could I ask you just one question, Mr. Katzenstein? Have your clients received notice of this hearing today?
>
> MR. KATZENSTEIN: Your Honor, we sent notice of our motion. We did not send notice of this particular hearing, no, your Honor.
>
> MR. COBRIN: Your Honor, this is Peter Cobrin. I am also one of the attorneys for the defendant.
>
> THE COURT: Yes.
>
> MR. COBRIN: We have sent a plethora of papers to our client. We have had not any contact from our client since I believe November of last year. And I also believe, if I may say so, your Honor, that I believe this motion is unopposed.
>
> THE COURT: I do understand that Amazon does not oppose the motion.
>
> MR. KATZENSTEIN: Your Honor, this is Bob Katzenstein.

5

> THE COURT: Yes.
>
> MR. KATZENSTEIN: With respect to the original motion, we sent notices to Mr. Smith at the three different addresses in Greece that we had and all three envelopes came back. We sent them by registered mail --
>
> THE COURT: Okay.
>
> MR. KATZENSTEIN: -- and all three envelopes came back undelivered.
>
> THE COURT: All right.
>
> MR. KATZENSTEIN: And in addition, your Honor, that's why we also sent them by fax, and I think one of the fax notices did get through. But in addition to our attempts to contact our clients by mail and by fax, as set forth in Mr. Cobrin's motion, he had, it looks like, dozens of e-mails to Mr. Smith on the issue and received no response.
>
> THE COURT: Okay. Well, with that, with those representations, we will proceed forward. I'm satisfied that sufficient attempts have been made to notify the defendants and that it would appear that they have no interest in being served or responding to your notification to them.

(D.I. 50 at 20, Transcript of March 16, 2000 Teleconference). Moreover, the Court addressed Amazon.com's stated concern that Defendants might later attempt to argue that they did not receive notice of the proceedings:

> MR. MATORIN: An issue, your Honor, I appreciate the Court's thoughts on this, given that Mr. Smith's counsel has been unable to reach him, how do we go about serving I [sic] him with the Court's order? Obviously, we can affect service on the Delaware corporation, and perhaps that suffices given Mr. Smith is president of that corporation, but I do have some concerns we insure that we do whatever is necessary so service is effected.
>
> THE COURT: Well, I probably should have, before letting them go, gotten all of the addresses that now departed counsel have but we can get those.
>
> MR. LAZARUS: I'm sure Mr. Katzenstein would provide those, if necessary.

6

> THE COURT: Yes. I think we can only do what we can do in that regard. His own lawyers have not been able to get a letter through to him.
>
> MR. MATORIN: Right. Exactly. I don't want it to be that at some point in the future, Mr. Smith might come back and say, hey, I never received notice and have to go up on appeal on that issue.
>
> THE COURT: No, we'll attempt to serve him at every location, at least locations that we have notice.

(D.I. 50 at 3-5, Transcript of March 16, 2000 Teleconference).

On March 27, 2000, the Court issued a Memorandum Opinion and Order. (D.I. 49). In the Court's Memorandum and Opinion, the Court noted that "it seems as if at least one of the defendants, Smith, is deliberately attempting to avoid contact with his attorneys." (D.I. 49 at 3, March 27, 2000 Memorandum and Opinion). The Court further held that, because Smith is married to defendant Theochari and is the controlling shareholder of at least one of the corporate defendants, Smith's "efforts to evade contact with his lawyers can be ascribed to the other defendants as well." *Id.* The Court granted Defendants' counsel's motion to withdraw citing Defendants' unwillingness to cooperate with their counsel and their failure to compensate their attorney for services rendered. *Id.* at 4. In addition, the Court ordered, among other things, that (i) Defendants CITI Services Limited and CITI Services, Inc. retain counsel within thirty days, and if they fail to do so, "the court may impose sanctions including the entry of a default judgment against them"; (ii) Smith and Theochari may retain new counsel within 30 days, and if they fail to do so or request an extension, the Court would "presume that they intend to represent themselves in this matter"; and (iii) Defendants must respond to the outstanding discovery requests within sixty days. *Id.* at 4-5. Notably, the Court also held that "[t]he failure to timely and fully comply with this order by providing the requested discovery may result in the imposition of sanctions, including the denial of the pending motion to dismiss for lack of

personal jurisdiction and, possibly, the entry of default judgment." *Id.* at 6. Pursuant to the Court's order, a copy of the Memorandum Opinion and Order was mailed to Mr. Smith at the following addresses:

> Mr. Greg Lloyd Smith
> CITI Services Limited
> First NET OnLine EPE
> GR-VAT 095599325, Syros
> Thessalonik 5
> 841 00 Syros
> (By registered mail and by facsimile at (30) 281-85138)
>
> Mr. Greg Lloyd Smith
> CITI Services Limited
> P.O. Box 163, M, Axioti, MyII
> 846 00 Mykonos
> Greece
> (By registered mail and by facsimile at (30) 289-27685)
>
> Mr. Greg Lloyd Smith
> CITI Services Limited
> First NET OnLine EPE
> N. Votsi 28, au, Nikolaos
> K. Patisia
> 104 45 Athens
> Greece
> (By registered mail)

*Id.* at 7.[2]

### F. <u>Defendants Fail To Comply With The Court's Orders.</u>

On May 4, 2000, after the two corporate defendants failed to obtain legal representation within the thirty days ordered by the Court, the Court issued an order which required CITI Services Limited and CITI Services, Inc. to show cause why they should not be sanctioned for their failure to comply with the Court's order. Those defendants failed to respond to the Court's

---

[2] It appears from the records that at least some of the mailings sent to Defendants were returned. This is not surprising in light of the Court's observation that "it seems as if at least one of the defendants, Smith, is deliberately attempting to avoid contact with his attorneys." (D.I. 49 at 3).

8

order to show cause. (*See* D.I. 52, May 4, 2000 Order). On June 13, 2000, after all Defendants failed to respond to the written discovery within sixty as ordered by the Court, the Court issued another order to show cause why they should not be sanctioned for their failure to comply with the Court's order. Again, Defendants failed to respond. (*See* D.I. 57, June 13, 2000 Order).

On August 25, 2000, the Court entered an order denying Defendants' motion to dismiss for lack of personal jurisdiction. (*See* D.I. 64, August 25, 2000 Order). The Court specifically found that "given [Defendants'] continued refusal to provide any discovery on the factual basis for their motion to dismiss for lack of personal jurisdiction, the court finds that the defendants have sufficient ties to the United States in general and to the State of Delaware in particular to subject them to personal jurisdiction within this forum." *Id.* at 2. The Court also set a date of September 14, 2000 for a scheduling conference and required Defendants to personally attend or be subject to a default judgment "for their continued refusal to defend this lawsuit and their repeated violations of this court's orders." *Id.*

On April 11, 2001, the Court entered a default judgment against Defendants for their repeated failures to comply with the Court's orders. The Court ordered, among other things, that (i) Defendants' motion to dismiss the complaint for lack of personal jurisdiction and subject matter jurisdiction is denied, (ii) Defendants are in default on all claims and default judgment is entered against them, (iii) damages are awarded to plaintiff in the amount of $30,000 pursuant to 17 U.S.C. § 504(c), (iv) Defendants are ordered to "transfer their ownership of any Internet domain names using 'amazon', or any other term that dilutes or is confusingly similar to Amazon.com's Marks, to Amazon.com," and (v) defendants are permanently enjoined "from directly or indirectly using 'AMAZON.GR' or any other trademark or service mark or slogan, trade name, or term that dilutes or is confusingly similar to Amazon.com's Marks, operating the

www.amazon.gr website or any other site based on 'amazon,' from infringing on copyrights of Amazon.com, or from prosecuting defendants' federal registration application for service marks including the word 'amazon.'" Moreover, the Court awarded Amazon.com reasonable attorneys' fees in the amount of $156,909 and costs of $14,956.09.

### G. Defendants Smith And Theochari Seek To Set Aside The Judgment Seven Years Later.

Defendants have never paid the damages or attorneys' fees awarded by the Court on April 11, 2001. Recently, however, Mr. Smith apparently attempted to collect certain monies allegedly owed by Amazon.com for the sale of books through the account theorigofbook-20. (*See* D.I. 81, Defendant's Motion to Set Aside the Default Judgment Ex. A). On May 7, 2008 Defendants served, and on May 14, 2008 filed, a motion with the Court to set aside the default order and judgment. (D.I. 81).

## ARGUMENT

### I. DEFENDANTS HAVE NOT, AND CANNOT, SATISFY THE EXACTING BURDEN REQUIRED TO SET ASIDE A JUDGMENT UNDER RULE 60.

A motion to obtain relief from a judgment or order pursuant to Rule 60 of the Federal Rules of Civil Procedure is "addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all of the relevant circumstances." *TA Instruments, Inc. v. The Perkin-Elmer Corp.*, 2000 U.S. Dist. LEXIS 1306 at *6 (D. Del. Jan. 24, 2000). However, the remedy of setting aside a judgment or order that is provided by Rule 60 is "extraordinary, and special circumstances must justify granting relief under it." *Id.* at *7. Here, Defendants' motion fails to identify a scintilla of evidence, let alone a reasoned basis, that would warrant the extraordinary remedy of setting aside a judgment entered over seven years ago.

Although Defendants purport to move pursuant to Rules 60(b)(1), 60(b)(3) and 60(b)(4) (by citing to those Rules in the body of their motion), Defendants fail to include those grounds in

their prayer for relief. This omission appears to be a tacit concession by Defendants that their arguments under Rules 60(b)(1) and 60(b)(3) are time-barred by Rule 60(c)(1). *See* Fed. R. Civ. P. Rule 60(c)(1) (providing that any motion made under Rule 60(b)(1)-(3) may not be made more than one year after the entry of the judgment or order or the date of the proceeding). As a result, Defendants seemingly only seek relief pursuant to Rules 60(b)(4), 60(d)(2) and 60(d)(3). In any event, none of Defendants' arguments have any merit whatsoever and are addressed below.

      A.      <u>**Defendants Cannot Seek Relief Under Fed. R. Civ. P. 60(d)(2).**</u>

Moving defendants rely upon Rule 60(d)(2), which authorizes the Court to "grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action." Fed. R. Civ. P. 60(d)(2). That rule provides no help to defendants for at least three reasons. *First*, 28 U.S.C. § 1655 applies only to actions to enforce any liens on real or personal property. This is not such an action. *Second*, it is undisputed that moving defendants, who appeared in the action, were aware of the pendency of the action. *Third*, section 1655 requires the party to move to vacate the judgment within one year of the entry of the judgment. Here moving defendants have waited more than seven years.

      B.      <u>**Defendants Have Wholly Failed To Properly Allege, Let Alone Demonstrate, That A Fraud Was Committed On The Court.**</u>

Moving defendants also rely upon Rule 60(d)(3), which provides that the Court may "set aside a judgment for fraud on the court." In order to prove fraud on the court, the party must meet a "demanding standard of proof" by showing that there is (1) an intentional fraud, (2) by an officer of the Court, (3) which is directed at the court itself, and (4) in fact deceives the Court. *Herring v. United States*, 424 F.3d 384, 386 (3d. Cir. 2005). Despite the demanding standard of

11

proof that is required to show fraud on the court, Defendants do not allege any facts to support their claim.

Defendants argue that "CITI Services, Inc. (hereinafter referred to as Defendant 1), purported by the Plaintiff to be a Delaware corporation associated to or with the other three named Defendants(s) is not and never was incorporated in Delaware or any other U.S. State, by any of the Defendant(s), but was in fact pure fabrication by Plaintiff in its fraudulent attempt at establishing Delaware jurisdiction." (D.I. 81 at ¶ 1). This argument has no factual basis. CITI Services, Inc. was formed under Delaware law on or about May 19, 1998. A certified copy of CITI Services, Inc.'s certificate of incorporation is attached hereto as Exhibit A. Thus, there can be no doubt that CITI Services, Inc. was a Delaware corporation at the time the Complaint was filed in August 1999. Moreover, Smith's recent efforts to disclaim any association with CITI Services, Inc. is equally unavailing. On February 1, 1999, CITI Services, Inc.'s certificate of incorporation was amended -- the amendment was signed by "Greg Lloyd Smith, President & CEO". On September 24, 1999 -- one week after Defendants moved to dismiss the Complaint -- Smith, again, executed a certificate of amendment for CITI Services, Inc. in his capacity as President and CEO. A certified copy of the February 1, 1999 and September 24, 1999 amendments to the certification of incorporation of CITI Services, Inc. are attached hereto as Exhibit A. Put simply, Defendants' allegation of fraud is baseless.

Defendants also argue that Amazon.com engaged in "fraud" by alleging that Defendant CITI Services Limited transacted business in the United States.[3] This argument comes with particular ill grace. The reason the Court entered default judgment in the first instance was Defendants' failure to respond to jurisdictional discovery relating to the motion to dismiss for

---

[3] Notably, Defendant CITI Services Limited is not seeking to set aside the judgment -- only Defendants Smith and Theochari have moved the Court.

lack of personal jurisdiction and wholesale failure to defend the action. Now, over seven years later, Defendants seek to set aside a judgment entered against them because they allege that CITI Services Limited did not transact business in Delaware. The Court has already denied Defendants' motion to dismiss for lack of personal jurisdiction.[4]

Defendants claim to have been defrauded by their own counsel. In support of this contention, Defendants offer only the following bald statement: "sometime in or before March 2000, this lawyer misrepresented the facts of his retainer and falsely informed the court regarding his termination." (D.I. 81 at ¶ 5). This allegation of course has no connection to Amazon.com. Further it falls far short of the specificity required in allegations of fraud. *In re Advanta Corp. Sec. Litig.*, 180 F.3d 525, 534 (3d. Cir. 1999) (must allege the who, what, where, when and how of fraud.) There is nothing in moving defendants' allegations to show how the vaguely alleged misstatements about their payments to their attorney caused this Court to enter a default judgment several months later. Therefore, Defendants' Motion to Set Aside Default Order and Judgment should be denied.

C. **Defendants' Remaining Arguments Under Rules 60(b)(1) And 60(b)(4) Are Time Barred And/Or Baseless.**

In addition to the arguments addressed above, Defendants make the following single statements in support of their arguments under Rule 60(b)(1) and 60(b)(4):

- Defendant 3 and Defendant 4 in their capacity as director(s)/officer(s) of Defendant 2 instructed Defendant 2's legal representative to challenge jurisdiction on behalf of Defendant(s) 2, 3 and 4 and further instructed Defendant 2's legal representative to challenge Service (i.e. none of the named Defendants were ever served a copy of the original Complaint); Rule 60(b)(1)

---

[4] Of course, even if the Court had determined that CITI Services Limited's contacts were not sufficient for this Court to exercise personal jurisdiction over it, such a finding would not have been tantamount to fraud.

- Defendant(s) 3 and 4 are residents of Mykonos Cyclades Greece and have lived at their current address for more than 34 years and 23 years, respectively; Rule 60(b)(4)

(D.I. 81 at ¶¶ 4 and 7). As a preliminary matter, and as discussed in Section I.B. *surpa* with respect to Defendants' arguments under Rule 60(b)(3), Defendants' Rule 60(b)(1) argument is stale under Rule 60(c)(1). Under Rule 60(c)(1), Defendants were required to raise such claims nearly six years ago. Moreover, Defendants certainly cannot now claim excusable neglect. As the Court recognized in its March 27, 2000 Memorandum Opinion: "it seems as if at least one of the defendants, Smith, is deliberately attempting to avoid contact with his attorneys." (D.I. 49 at 3, March 27, 2000 Memorandum and Opinion).

Similarly, Defendants' argument that the judgment is void under Rule 60(b)(4) because they have lived in Greece for "34 years and 23 years, respectively," is meritless.[5] Defendants had an opportunity to raise lack of personal jurisdiction as a defense -- and, in fact, did so -- but failed to contact their own attorneys, respond to Defendants' jurisdictional discovery and comply with the orders of the Court. Ultimately, the Court denied Defendants' motion to dismiss for lack of personal jurisdiction, and as a result, Defendants' argument under Rule 60(b)(4) fails.

### D.  Amazon.com Would Be Unduly Prejudiced If The Judgment Is Set Aside.

Amazon.com expended significant resources in prosecuting its claims against Defendants for serious violations of federal law. The Court afforded Defendants every opportunity to present evidence that the Court lacked jurisdiction and set forth a defense to the allegations raised in the Complaint. In March 2000, Defendants' own counsel claimed to have not heard from Defendants since November 1999. The Court did not enter judgment until April 11, 2001 -- approximately a year and a half after the Complaint was filed. At each step of the proceedings,

---

[5] It is axiomatic that a party's residence in a foreign country is not dispositive of a personal jurisdiction analysis.

14

Defendants Smith and Theochari were provided every opportunity to assist their counsel in defending this action (and pay their counsel's legal fees), retain new counsel, represent themselves, comply with the Court's orders and otherwise defend the present action. They chose not do so. As noted in Section E of the Statement of Facts *supra*, the orders that were entered by the Court were sent to three separate addresses for Smith. He repeatedly failed to respond. Amazon.com should not suffer for Defendants' actions. *See Buckaloo v. Pressley*, 889 F.2d 1086 (6th Cir. 1989) (noting that plaintiff was prejudiced because he was unable to contact the defendant after defendant moved and left no forwarding address).

## CONCLUSION

For all of these reasons, Amazon.com respectfully requests that the Court deny Defendants' Motion to Set Aside Default Order and Judgment.

Dated: May 27, 2008

/s/ John A. Parkins, Jr.
John A. Parkins, Jr. (#859)
Steven J. Fineman (#4025)
Jennifer J. Veet (#4929)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0551
302-651-7700
Fineman@rlf.com
Veet@rlf.com
Attorneys for Amazon.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2008, I caused the foregoing document to be electronically filed with the Clerk of Court using CM/ECF and caused copies of the foregoing document to be served as follows:

**VIA INTERNATIONAL MAIL**
Greg Lloyd Smith
Aikaterini Theohari
Kestrel House, Ornos
846 00 Mykonos
Greece

**VIA ELECTRONIC MAIL**
Greg Lloyd Smith
admin@originofbooks.com

/s/ John A. Parkins, Jr.
John A. Parkins, Jr. (#859)
parkins@rlf.com
Richards, Layton & Finger
One Rodney Square
PO Box 551
Wilmington, DE 19899