```
 1                IN THE UNITED STATES DISTRICT COURT

 2               IN AND FOR THE DISTRICT OF DELAWARE

 3                           - - -

 4   AMAZON.COM, INC.,                    :   Civil Action
                                          :
 5           Plaintiff,                   :
                                          :
 6       v.                               :
                                          :
 7   CITI SERVICES, INC. (1),             :
     CITI SERVICES LIMITED [SIC](2),      :
 8   AIKATERINI THEOHARI (3), and         :
     GREG LLOYD SMITH (4),                :
 9                                        :
             Defendants.                  :   No. 99-543-GMS
10
                             - - -
11
                       Wilmington, Delaware
12                     September 14, 2000

13                           - - -

14   BEFORE:  HONORABLE GREGORY M. SLEET, U.S.D.C.J.

15   APPEARANCES:

16           JOSEPH R. SLIGHTS, III, ESQ., and
             LEWIS H. LAZARUS, ESQ.
17           Morris James Hitchens & Williams, LLP

18                        Counsel for Plaintiff

19

20

21

22

23

24

25
```

```
 1                THE COURT:  Good morning, counsel.  How are you?
 2                MR. SLIGHTS:  Just fine, thank you, Your Honor.
 3                THE COURT:  We are here on the matter of
 4   Amazon.com v. Citi Services, Inc., et al.
 5                I have in my hands a proposed order and entry of
 6   default judgment.  Mr. Slights.
 7                MR. SLIGHTS:  Good morning, Your Honor.  This is
 8   the time the Court has set for a scheduling conference by
 9   order dated August 25th, Docket Item 64.  In that order,
10   Your Honor recited the procedural history of the case, which
11   of late, at least, has been marked by repeated failures by
12   the defendants to respond to Court orders, respond to
13   discovery, in short, to participate at all in the
14   litigation.
15                The Court's order of August 25th set the matter
16   down for a scheduling conference -- I am sorry, denied the
17   defendants' motion to dismiss for lack of personal
18   jurisdiction, and ordered the defendants to appear
19   personally in the court for today's conference.
20                The record should reflect that there is no
21   representative of the defendant present in the courtroom.
22                The Court's order, in addition, stated that a
23   failure of the defendants to appear at this conference today
24   would result in the entry of a default judgment against
25   them.  We have submitted to the Court a form of order, which
```

1   is very similar to the form of order we have submitted
2   previously, but is amended to reflect the Court's latest
3   order, and also what we anticipated to be the case, which is
4   that the defendants failed to comply with that order, as a
5   predicate for the Court entering the default judgment that
6   we seek.
7           We have included in the order the statutory
8   citations which provide the bases for the entry of the
9   specific relief that we requested.  We believe that the
10  relief is consistent with the statutory provisions cited to
11  the Court, and would ask the Court to enter the order as
12  submitted.
13          THE COURT:  Thank you, Mr. Slights.  The only
14  concern that I have, the actual language in the August 25
15  order provided that any failure by the defendants to attend
16  this proceeding today would result in the entry of a
17  default, that is, a declaration of default versus the entry
18  of a default judgment.  I am wondering whether today, absent
19  the submission of an affidavit or something, we have the
20  evidentiary basis to enter a default judgment.
21          I should think it would be a simple matter to
22  compose an affidavit and to submit it by carrier or in the
23  mail, then I could on that basis proceed.
24          I am certainly prepared today, in light of the
25  absence of the defendants or any representative, to declare

1   that they are in default.  And additionally, moreover, I
2   should say it does appear to the Court that the damages that
3   are being sought and the other relief being sought by the
4   plaintiffs are reasonable.  So that I do not have that
5   difficulty and would be prepared to at least preliminarily
6   make that determination and find it.
7           It would be, I think, out of an abundance of
8   caution, the appropriate thing to do would be to establish
9   an evidentiary basis for the entry of a default judgment.
10  Counsel, do you have any disagreement?
11          MR. SLIGHTS:  Your Honor, are you requesting an
12  affidavit?  I think it's Rule 55.  I might be mistaken about
13  the number, but the affidavit that is contemplated in the
14  rule.
15          THE COURT:  I have the rules, Mr. Slights.
16  55(a) provides for the entry of a default upon a party's
17  default in the instance of their failure to plead or
18  otherwise defend.  And that fact being made clear by their
19  failure to appear by affidavit or otherwise, the clerk shall
20  then enter the party's default.
21          MR. SLIGHTS:  I just want to make sure that we
22  submit an affidavit that is sufficient for the Court's
23  purposes.  In addition to reciting the facts upon which we
24  pled the case initially, and the failures of the defendant
25  to appear, would there be anything else that the Court would

Case 1:99-cv-00543-GMS   Document 86   Filed 05/30/2008   Page 5 of 6

5

1 | like to see in the affidavit?

2 |     THE COURT: I am just looking at Subsection (b),
3 | Mr. Slights.

4 |     Let me just recite this language, counsel, which
5 | I think would be helpful and provide some guidance. Rule
6 | 55(b)(2). If in order to enable the Court to enter judgment
7 | or to carry it into effect it is necessary to take an
8 | account or to determine the amount of damages or to
9 | establish the truth of any averment by evidence or to make
10 | an investigation of any other matter, the Court may conduct
11 | such hearings or order such references as it deems necessary
12 | and proper and shall accord a right of trial by jury to the
13 | parties when and as required by the statute.

14 |     I think if we attend that guidance, you should
15 | be just fine. Should any complaint later arise, any
16 | opposition, effort be made to mount an opposition by the
17 | defendants, we would have at least given them all the
18 | process to which they are due, under the circumstances.

19 |     MR. SLIGHTS: Fine, Your Honor. I think the
20 | damages will be easy, because I believe they are statutory.
21 | That is all that we have sought. So in that sense, I don't
22 | think we will have to put any damages evidence in and we can
23 | just give you the liability evidence.

24 |     We have also asked for fees, which I believe are
25 | permitted under the statute. We can submit something on

```
 1    that as well.
 2                THE COURT:  In support of the application.
 3                MR. SLIGHTS:  Yes, Your Honor.
 4                THE COURT:  All right.  Mr. Slights, how much
 5    time would you like?
 6                MR. LAZARUS:  We will do it as soon as we can,
 7    Your Honor.
 8                THE COURT:  Why don't we say provide it within
 9    ten days.
10                DEPUTY CLERK PRESTON:  The 28th.
11                THE COURT:  Okay.  By the close of business on
12    the 28th.
13                Thank you.  Anything else, counsel?
14                MR. SLIGHTS:  No, Your Honor.
15                THE COURT:  Good to see you.
16                (Conference concluded at 10:11 a.m.)
17                          - - -
18    Reporter:  Kevin Maurer
19
20
21
22
23
24
25
```