

**UNITIED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

AMAZON.COM, INC.                        :

   *Plaintiff,*                 :

  v.                                      :

CITI SERVICES, INC. (1),            :  C.A. No. 99-543-GMS
CITI SERVICES LIMITED [*SIC*] (2), :
AIKATERINI THEOHARI (3), and    :
GREG LLOYD SMITH (4)              :

   *Defendant(s)*                :

**SUPPORTING MEMORAMDUM**
**MOTION TO SET ASIDE DEFAULT ORDER AND JUDGEMENT**

  Comes now the third and fourth Defendant(s), AIKATERINI THEOHARI (hereinafter referred to as Defendant 3) and GREG LLOYD SMITH (hereinafter referred to as Defendant 4) in reply to Plaintiff's <u>ANSWERING BRIEF</u> to Defendant's Motion hereby moves the Court to set aside its ORDER AND JUDGMENT dated April 11, 2001.

<u>INCORRECT ASSUMPTIONS MADE BY PLAINTIFF</u>

1. **It is untrue that Defendant(s) 3 and 4 were <u>personally represented</u> by counsel in any way.**

  Defendant(s) 3 and 4 specifically instructed the U.S. (New York based hereinafter referred to as U.S. Attorney) attorney to represent the U.S. corporation (hereinafter referred to as CITI-US) <u>only</u>.

  Defendant(s) 3 and 4 had specifically instructed U.S. Attorney that it was their contention that they were not personally subject to Delaware jurisdiction AND that they would not recognize the proceedings on behalf of themselves or the UK shell company (hereinafter referred to as CITI-UK).

2. **It is untrue that Defendant(s) 3 and 4 personally instructed and were represented by lawyers in New York and Delaware as claimed by Plaintiff.**

  Defendant(s) 3 and 4 instructed, on behalf of CITI-US, a lawyer based in New York—U.S. Attorney. They were not made aware of; given notice of or approved any instructions that he may have made to local counsel in Delaware. All communications between U.S. Attorney and Defendant(s) 3 and 4 broke down immediately after they had paid US$20,000 to U.S. attorney on behalf of the CITI-US.

**Defendant(s) 3 and 4 instructed U.S. Attorney to represent CITI-US only to the extent that he was to assert to this court that CITI-US (1) was not operating the (or any) business of Amazon Greece in Greece; (2) did not own and was not a shareholder of the Greek corporation; (3) was not the registrant of the two domain names that were/are the subject matter of these proceedings; and (4) was not owned by Defendant(s) 3 and or 4.**

**Pursuant Greek law, at the time, only Greek companies and or individuals could legally register Greek domain names. This fact, would also apply to CITI-UK. N.B. Therefore.**

3. **Plaintiff erroneously makes much out of the incorporation of CITI-US.**

   For the avoidance of doubt, the subject matter of the Plaintiff's claim and allegations were two domain names and the operation of an online business associated with the domain names [amazon.gr and [amazon.com.gr] and it is a straight-forward statement of fact that these domain names were not owned by or registered by the CITI-US. The business of Amazon Greece was not owned by or operated by CITI-US.

   **CITI-US was incorporated on May 20, 1998 prior to the registration of the two domain names that are the subject matter of these proceedings and at all materials times in these proceedings, acted as a shell (dormant) company for the express purposes of holding U.S.-based assets. At all material times in these proceedings, CITI-US (1) had never traded; (2) did not ever have a bank account; and (3) had not allocated its initial capital (i.e. there were no shareholders).**

4. **Plaintiff argues some relevance in the fact that Defendant(s) 3 and 4 alone have made the Motion to set aside the Order and Judgment dated April 11, 2001.**

   CITI-US (Defendant 1) was not and could not be the owner or registrant of the domain names that are the subject matter of these proceedings.

   The CITI-UK (Defendant 2) was not and could not be the owner or registrant of the domain names that are the subject matter of these proceedings.

   Both Defendant 1 and 2 have ceased to trade and in the case of Defendant 2, it has ceased to exist. There is now another company called CITI Services Limited, incorporated in 2005 in the UK, which has nothing whatever to do with either Defendant(s) 3 and or 4, which was incorporated and dissolved in the time since the April 11, 2001 Order and Judgment and neither company had any prior interest in the subject matter of these proceedings and so **it would be a nonsense for either Defendant(s) 1 or 2 (i.e. CITI-US and or CITI-UK) to join in Defendant(s) 3's and 4's Motion before this court**.

   Subject to negotiations and subject to contract and with Plaintiff's anticipated agreement to the proposed partnership with Amazon Greece, CITI-US and or CITI-UK could have acquired an interest in the ownership of and operation of Amazon Greece.

   **However, at no time during these proceedings did CITI-US and or CITI-UK have any ownership interest in those operations.**

5. **Plaintiff incorrectly assumes that Defendant(s) 3 and or 4 were notified by the court and or U.S. Attorney and Plaintiff incorrectly claims that Defendant(s) 3 and or 4 cannot rely on Rule 60(d)(2).**

Plaintiff is wrong. Neither Defendant(s) 3 and or 4 were serviced any legal notice relating to these proceedings in any way.

**Plaintiff is encouraged to demonstrate that any notice of any kind relating to these proceedings allegedly sent to either Defendant in Mykonos and or Syros was actually received by them in Edinburgh Scotland.**

On or about November 19, 1999, Defendant(s) moved to Edinburgh Scotland. All that one must do to confirm this is the perform a Google search on the terms: "nike" + "greg lloyd smith". Defendant 4 personally signed a lease for a flat (personal apartment) located at Castle Street, Edinburgh Scotland on or about 1 November 1999 and he signed another commercial lease (in person, in Edinburgh) for the premises at Brougham Place, Edinburgh Scotland on or about November 19, 1999 and then again Defendant 4 signed a second lease for a flat located at Great King Street, Edinburgh Scotland, which was signed on or about May 2000.

**Neither Defendant(s) 3 and or 4 returned to Mykonos Greece until August 2001.**

6. **Plaintiff assumed that Defendant(s) 3 or 4, or that CITI-US or that CITI-UK was the registrant (read: owner) of the two domain names that are the subject matter of these proceedings but Plaintiff did not check the public record to ensure that they were pursuing the correct owner of the business of Amazon Greece.**

7. **Plaintiff intentionally avoided pursuing the Greek company called CITI Services Limited EPE in these proceedings, before this court because they had already been heard by the regional court in Syros Greece and in that case, they were unable to persuade the court on the merits of their case.**

8. **On August 20, 1999 CITI Services Limited EPE changed its name to Amazon Online Services EPE (hereinafter throughout referred to as Amazon Greece). This action was recorded with the relevant authority in Syros on August 25, 1999.**

9. On May 26, 2008 Mrs. Kaponi, a member of staff with the EETT (Hellenic Telecommunications & Post Commission), stated the following in respect of both .gr domain names: **"According to our records, the first registrant was Amazon.com, Inc., in the United States." She continued: "...there was a previous application, for each domain name, but they were rejected, in 1999."**

10. While nearly every person associated with or with actual knowledge of these proceedings (with the exception of Plaintiff) would disabuse Mrs. Kaponi of the above statement and proclaim it as either patently false and or an attempt by the Plaintiff and or Greek Authority to change history retroactively, what is important is that two applications were made and **it was the responsibility of Plaintiff to determine who had actually made those two applications** and who, therefore, was the legal owner and operator of Amazon Greece.

11. Plaintiff failed miserably in their due diligence to determine what is a matter of public record; i.e. to establish who actually owned and operated the domain names that are the subject matter of these proceedings.

12. **Plaintiff asserts that if Defendant(s) 3's and 4's Motion were granted that it would "Unduly Prejudiced" if the judgment were set aside.**

Plaintiff was not concerned at all with Defendants' being unduly prejudiced in these proceedings by their patently false claim(s) that they sent notices relating to these proceedings by facsimile to offices in Mykonos and Syros that had been closed months (if not a year) before. Neither office had telephone and or facsimile service after November 1999.

Plaintiff was not concerned at all with Defendants' being unduly prejudiced in these proceedings by their patently false claim(s) that they sent notices relating to these proceedings by facsimile to address(es) in Mykonos and Syros, by registered mail, which were never signed for and presumably were returned to Plaintiff and or their attorney.

**If Plaintiff persists in relying upon these false claims then Plaintiff must deliver to the court documentation to demonstrate on what date and by whom those noticed were accepted.**

MISREPRESENTATION, ATTEMPTED FRAUD BY ATTORNEY

1. Defendant(s) 3 and 4 welcome the *early* Answering Brief by attorneys for Plaintiff. On May 22, 2008, 11 minutes before a deadline imposed on the Defendants by attorney Steven J. Fineman (#4025) Defendant(s) 3 and 4 received a letter, by email, requesting a stipulation to an extension of time.

2. The letter was dated May 21, 2008 and attorney Fineman claimed that his letter had been delivered to the Defendants by facsimile on that date.

3. The purpose of his letter and its timing was intended to disadvantage and prejudice Defendant(s) 3 and 4 before the court.

4. Attorney Fineman wrote that if Defendant(s) 3 and 4 did not grant the requested extension he would "seek relief" of the court. It follows that if Plaintiff's attorney pursued a Motion To Extend Time under the circumstances of the Defendants having ignored or refused his "reasonable request", that he would have requested costs to be awarded. It also stands to reason that attorney Fineman would have told the court that Defendant(s) 3 and 4 had ignored these proceedings (perhaps alleging "once again"), with the sole intention of prejudicing Defendant(s) 3 and 4 before this court, to say nothing about what then would have been described as an attempt to obtain money by deception.

5. Subsequently, Defendant(s) 3 and 4 requested proof to support attorney Fineman's claim that he had made "several efforts" to fax his letter and request. Attorney Fineman has refused to provide any proof whatsoever. He has also declined to offer any response as to why he had not sent his letter by email on May 21, or why he did not contact the Defendants by email or telephone regarding his alleged difficulty in sending his facsimile.

6. On May 23, 2008 a formal complaint was filed with the Office Of Disciplinary Counsel by Defendant(s) 3 and 4 against attorney Fineman.

7. **Defendant(s) 3 and 4 raise this issue before the court because it relates directly to these proceedings AND supports Defendant(s) 3's and 4's assertion that they were not notified of any matter related to these proceedings after paying the initial retainer on behalf of CITI-US.**

8. **These proceedings demonstrate a pattern of misrepresentation, fraud and coercion by Plaintiff and their attorney(s) in order to acquire assets LAWFULLY owned by an entity THAT WAS/IS NOT A PARTY TO AND WAS/IS NOT SUBJECT TO THE JOURISDICTION OF THIS COURT.**

9. Plaintiff has gone to great lengths to fraudulently acquire the two domain names, in Greece, that are the subject matter of these proceedings; including causing the .GR domain Registrar to retroactively erase (attempt to erase) the actual history of and true ownership of the two domain names that are the subject matter of these proceedings.

10. Defendant(s) 3 and 4 have initiated proceedings in Greece to recover the two domain names on behalf of the original registrant.

CONCLUSION

Defendant(s) 3 and 4 therefore move the court to exercise its power pursuant Rule 60(d)(2) and Rule 60(d)(3) in setting aside this Order and Judgment.

DEFENDANT(S)

...............................................
GREG LLOYD SMITH

...............................................
AIKATERINI THEOHARI

May 28, 2008
Mykonos Greece

Greg L. Smith
Kestrel House, Ornos
846 00 Mykonos
Greece
Tel: +011 30 693 406 8559
Fax: +011 30 211 268 6990

UNITIED STATES DISTRICT COURT
DISTRICT OF DELAWARE

AMAZON.COM, INC.                          :
                                          :
            *Plaintiff,*                   :
                                          :
    v.                                    :
                                          :
CITI SERVICES, INC. (1),                  :    C.A. No. 99-543-GMS
CITI SERVICES LIMITED [*SIC*] (2),  :
AIKATERINI THEOHARI (3), and        :
GREG LLOYD SMITH (4)                      :
                                          :
            *Defendant(s)*                 :

## CERTIFICATE OF SERVICE

In support of a MOTION TO SET ASIDE ORDER AND JUDGMENT dated April 11, 2001, Defendant(s) 3 and 4 HEREBY CERTIFY that a copy of the attached SUPPORTING MEMORANDUM has been sent via first class mail on May 28, 2008 to:

Steven J. Fineman, Esq.
Richards, Layton & Finger
One Rodney Square
Wilmington, DE 19801

DEFENDANT(S)
..........................
GREG LLOYD SMITH

## NOTARY

..........................
AIKATERINI THEOHARI

Βεβαιούται τό γνήσ     αν Ωπογραφή
Έν Μυκόνφ τῇ  28-05-2008
          Ὁ
Συμβολαιογράφος Μυκόνου

May 28, 2008
Mykonos Greece

Greg L. Smith
Kestrel House, Ornos
846 00 Mykonos
Greece
Tel: +011 30 693 406 8559
Fax: +011 30 211 268 6990



PORT PAYÈ

Clerk,
U.S. District Court
Lockbox 18
844 N. King Street
Wilmington, DE 19801
(USA)

PAR AVION
PRIORITAIRE