IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMAZON.COM, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 99-543-GMS |
| v. | ) |
| | ) |
| CITI SERVICES, INC., CITI SERVICES | ) |
| LIMITED, AIKATERINI THEOCHARI, | ) |
| AND GREG LLOYD SMITH, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

**I.   INTRODUCTION**

Presently before the court is defendants'[1] Motion to Set Aside Default Order and Judgment. (D.I. 81.) For the reasons that follow, the court denies this motion.

**II.   BACKGROUND**

On August 18, 1999, plaintiff, Amazon.com, Inc. ("Amazon.com") filed suit against defendants, CITI Services, Inc., CITI Services Limited, Theochari and Smith for trademark infringement, copyright infringement, unfair competition and dilution.[2] (D.I. 1.) In its complaint, Amazon.com alleged that, among other things, the defendants wrongfully: (1) used certain Amazon.com domain names and trademarks, including "AMAZON.GR," and (2) copied Amazon.com's copyrighted works. (*Id.*) On September 3, 1999, the defendants entered their

---

[1] For purposes of this motion, the defendants are: Aikaterini Theochari ("Theochari") and Greg Lloyd Smith ("Smith").

[2] Amazon.com filed the original complaint in this action on August 19, 1999. (D.I. 1.) On November 24, 1999, Amazon.com filed an amended complaint. (D.I. 38.) The amended complaint added, among other things, a claim for defamation/libel. (*Id.*)

appearance in this action. (D.I. 7.) At that time, the defendants were represented by the Delaware law firm of Smith, Katzenstein & Furlow LLP ("Smith Katzenstein") and New York counsel, Cobrin & Gittes. (*Id.*)

On September 17, 1999, the defendants filed a motion to dismiss the complaint. (D.I. 10.) In support of that motion, the defendants filed an opening brief and declarations from both Smith and Theochari -- the two defendants presently seeking to set aside the judgment in this case. (*See* D.I. 11, 12, 14.) Following disagreement between the parties as to whether jurisdictional discovery was appropriate, on November 19, 1999, the court granted Amazon.com's request to take jurisdictional discovery of the defendants, including the deposition of Smith. (D.I. 37, 39.) On December 8, 1999, defendants' counsel filed a motion to withdraw as counsel due to the defendants' failure to pay their legal bills. (D.I. 40.) On March 16, 2000, the court held a hearing to, among other things, address defense counsel's motion to withdraw. (D.I. 48, 50.)

Following that hearing, on March 27, 2000, the court issued a Memorandum Opinion and Order. (D.I. 49.) In that order, the court granted defendants' counsel motion to withdraw: citing defendants' unwillingness to cooperate with their counsel and their failure to compensate their counsel for services rendered. (*Id.* at 4.) The court further ordered the defendants to retain new counsel within thirty days and to respond to any outstanding discovery requests within sixty days. (*Id.* at 4-5.) The court noted that failure to do so could result in the entry of a default judgment against them.[3] (*Id.*) On June 13, 2000, the defendants were again advised that their failure to

---

[3] Regarding individual defendants, Smith and Theochari, the court stated that if they failed to obtain new counsel or to seek an extension, the court will "presume that they intended to

respond could result in the entry of default judgment. (D.I. 83 at 1.) The defendants, nonetheless, did not respond. (*Id.*) On August 25, 2000, the court entered an order denying the defendants' motion to dismiss for lack of personal jurisdiction and subject matter jurisdiction. (D.I. 64.) In connection with that order, the defendants were advised that their failure to attend a September 14, 2000 conference would result in the entry of default judgment. (D.I. 83 at 1.) Again, the defendants did not respond and did not attend the September 14 conference. (*Id.*)

On April 11, 2001, after the defendants' repeated failures to respond to discovery requests and to retain new counsel, and for not attending the September 14, 2000 conference as ordered, the court entered default judgment against the defendants. In its default judgment order, the court ordered, among other things, that: (1) the defendants' motion to dismiss the complaint for lack of personal jurisdiction and subject matter jurisdiction is denied; (2) the defendants are in default on all claims and default judgment is entered against them; (3) damages are awarded to the plaintiff in the amount of $30,000; (4) the defendants are ordered to transfer their ownership of the internet domain names at issue; (5) the defendants are permanently enjoined from using the domain name at issue or any other Amazon.com trademark; and (6) plaintiffs are entitled to attorneys' fees and costs in the amount of $156,909 and $14,956.09 respectively.

On May 14, 2008, defendants, Smith and Theochari filed the instant motion to set aside the court's April 11, 2001 default judgment and order. (D.I. 81.)

---

represent themselves [*pro se*] in this matter." (*Id.* at 4-5.)

## III. THE PARTIES' CONTENTIONS

Defendants, Smith and Theochari, contend that the default judgment entered in this case should be set aside for the following reasons: (1) they can establish excusable neglect under Fed. R. Civ. P. 60(b)(1); (2) they can establish fraud under Fed. R. Civ. P. 60(b)(3); and (3) the judgment is void under Fed. R. Civ. P. 60(b)(4) because the court lacks personal jurisdiction over them. (D.I. 81 at 1.) On the other hand, the plaintiff contends that the defendants' motion is groundless and should be denied. Specifically, plaintiff contends that all of the defendants' arguments are time-barred under Fed. R. Civ. P. 60(c)(1), and that the defendants have failed to demonstrate any claim of fraud. (D.I. 83 at 1-2.) The plaintiff further contends that the default judgment was the result of the defendants' own failure to comply with the court's orders and to defend this action. (*Id.* at 2.) Furthermore, the plaintiff maintains that it should not be prejudiced by the defendants' actions (or inaction) in this case, and that the court's default judgment and order should stand. (*Id.*)

## IV. DISCUSSION

When deciding whether to set aside a default judgment, the Third Circuit has prescribed three factors that a district court should consider: (1) whether lifting the default judgment will prejudice the plaintiff; (2) whether the defendant has a meritorious defense; and (3) whether the defendant's conduct in defaulting was culpable. *See Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 982 (3d Cir. 1988); *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 Fed. Appx. 519, 522 (3d Cir. 2006). The court will consider each of these factors in turn.

### A. Whether Lifting the Judgment will Prejudice the Plaintiff

The plaintiff will indeed be prejudiced if the default judgment is lifted in this case. First, the plaintiff's judgment for injunctive relief and for damages, attorneys' fees, and costs -- totaling at least $201,865.09 -- will be at risk. As a practical matter, the court's earlier judgment will be a nullity and constitute a complete waste of both the plaintiff's and the court's time and resources. Second, the plaintiff will be forced to once again expend significant resources to *re-prosecute* its claims against the defendants. Third, the plaintiff's ability to pursue its original claims will be hindered as a result of the defendants' six-year delay, including the likely loss or destruction of once-available evidence, the likely unavailability of witnesses, the impact of the statute of limitations on plaintiff's claims, *etc.* The plaintiff should not be forced to suffer as a result the defendants' actions in this case. This factor, therefore, weighs against setting aside default judgment in this case.

### B. Whether the Defendants have a Meritorious Defense

Before a court can consider the substance of a defense to determine whether it is meritorious, the defendants must first "set forth with some specificity the grounds for [that] defense." *Harad*, 839 F.2d at 982. Indeed, the defendants do not "have the right to have a default judgment set aside automatically upon alleging [any] defense." *Id.*

Here, after reviewing the record in this case, the parties' submissions, and the applicable law, the court is not persuaded that the defendants have set forth with the requisite specificity the grounds for their alleged jurisdictional defense. In their motion, the defendants mention that "the court lacked jurisdiction over them" and that "they had not been properly served." (D.I. 81 at 1.) They do not, however, provide or identify any facts to support these otherwise blanket assertions.

Absent more, these types of conclusory allegations do not provide a credible basis for setting aside the default judgment entered in this case.

Moreover, in the first instance, the court is not persuaded that the defendants even have a meritorious jurisdictional defense in this case. Indeed, the court has already decided this issue. Specifically, back on August 25, 2000, the court entered an order denying the defendants' motion to dismiss for lack of personal jurisdiction. (D.I. 64.) As the plaintiff correctly notes, in that order, the court determined that "given [the defendants'] continued refusal to provide any discovery on the factual basis for their motion to dismiss for lack of personal jurisdiction, the court finds that the defendants have sufficient ties to the United States in general and to the State of Delaware in particular to subject them to personal jurisdiction within this forum." (*Id.* at 2.) The court then reaffirmed this finding in its April 11, 2001 default judgment and order. (D.I. 81.) The defendants simply have not articulated or identified any reason for the court to now reconsider its prior finding in this regard. This factor weighs against setting aside the default judgment entered in this case.

###        C.        Whether the Defendants' Conduct was Culpable

To determine whether the defendants' conduct was culpable, "more than mere negligence [must] be demonstrated." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1183 (3d Cir. 1984). Reckless disregard for repeated communications from the court can satisfy the culpable conduct standard. *See Nationwide Mut. Ins. Co.*, 175 Fed. Appx. at 523 (quoting *Hritz*, 732 F.2d at 1183-84).

Here, the defendants' conduct is culpable. Indeed, entry of default judgment in this case was based largely on the defendants' own conduct. Specifically, as discussed above, the judgment was a direct result of the defendants' repeated failures to respond to discovery requests

and the court's order to secure new counsel. This is the kind of reckless disregard for repeated communications regarding a suit that establishes culpability. *See, e.g., Nationwide Mut. Ins. Co.*, 175 Fed. Appx. at 523. Furthermore, the defendants had the full opportunity -- more than six years ago -- to defend themselves and raise these same issues. Instead, they chose not to do so. The defendants cannot now credibly argue that their conduct somehow involved "innocent mishaps or mere mistakes." *EMCASCO Ins. Co. v. Sambrick*, 834 F.2d 71, 75 (3d Cir. 1987). The defendants here are culpable. This factor, likewise, weighs against setting aside the default order and judgment in this case.

## V. CONCLUSION

For the foregoing reasons, the court denies defendants' Motion to Set Aside Default Order and Judgment (D.I. 81).[4]

Dated: November 21, 2008

CHIEF, UNITED STATES DISTRICT JUDGE

---

[4] Furthermore, the defendants have failed as a matter of law to establish any colorable bases under Fed. R. Civ. P. 60 that warrant setting aside the default judgment entered in this case.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMAZON.COM, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 99-543-GMS |
| v. | ) |
| | ) |
| CITI SERVICES, INC., CITI SERVICES | ) |
| LIMITED, AIKATERINI THEOCHARI, | ) |
| AND GREG LLOYD SMITH, | ) |
| | ) |
| Defendants. | ) |

### ORDER

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED THAT:

1. Defendants' Motion to Set Aside Default Order and Judgment (D.I. 81.) is DENIED.

Dated: November 21, 2008

CHIEF UNITED STATES DISTRICT JUDGE